## MATTER OF ALEO

### In Visa Petition Proceedings

#### A-13912092

*Decided by Board December 1, 1965*

Petition by a U. S. citizen to accord nonquota status as a stepchild to the alleged illegitimate child of her husband by another woman to whom he was never married, and who has not otherwise been legitimated, is denied since, other than the statement of petitioner's husband that he is the father of the child, there is no evidence to support such claim; and the evidence fails to establish the existence of a family unit, the beneficiary, following the death of her mother, having been cared for by her maternal grandmother. Cf. *Matter of The*, Int. Dec. No. 1541.

The case comes forward on appeal from the order of the District Director, New York District, dated September 2, 1965 denying the visa petition for the reason that the petitioner's husband was never married to the beneficiary's mother and she has not otherwise been legitimated; therefore, the beneficiary cannot derive a benefit through the petitioner and it is concluded that the beneficiary is not a child as defined in section 101(b) of the Act.

The petitioner, a native-born citizen of the United States, seeks nonquota status on behalf of the beneficiary as her stepdaughter. The beneficiary is a native and citizen of Italy, born December 7, 1950. The petitioner was married on October 1, 1955 to Angelo Reina and the beneficiary is alleged to be his natural daughter. In a supporting affidavit the petitioner's husband states that he became acquainted and intimate with Elena Vaiana in 1948; that the relationship continued until early in 1950; that Elena Vaiana was married and her husband had abandoned her; that in May 1950 he left Castelvetrano and at that time Elena Vaiana told him that she was pregnant and he knew that she was to have his child; that he learned that she gave birth to a baby girl whom she named Carmela, after his mother.

There have been submitted a birth certificate relating to the beneficiary showing her birth as December 7, 1950 at Castelvetrano,

Trapani, Italy, the daughter of Filippo and Elena Vaiana. There has also been submitted a certificate of the death of the beneficiary's natural mother, Elena Vaiana, the daughter of Lorenzo and Francesca Guarino, on June 9, 1952 at Castelvetrano, Italy. There has also been submitted a Confession or Declaration of Accountability by Notarial Act executed by Francesca Guarino stating that from 1952, after the death of the mother, Carmela Aleo, 14 years old, has been provided sufficiently and under her firm control, under her normal income without benefit of any additional funds because Carmela Aleo is her grandchild.

The petitioner, by virtue of her marriage to her husband on October 1, 1955, claims thereby to have become the stepmother of the beneficiary, his alleged illegitimate child. However, other than the affidavit of the husband, there is no evidence to support this claim. The birth certificate of the beneficiary discloses that her father is Filippo Aleo and her mother is Elena Vaiana. No reference is made in this birth certificate to the petitioner's husband, Angelo Reina. The "Declaration of Accountability" shows that the maternal grandmother, Francesca Guarino, has had the care of the beneficiary since 1952 after the death of her mother, under normal income without benefit of any additional funds because the beneficiary is her grandchild. Even if the statement by the petitioner's husband that he was the father of the child were accepted, despite the very strong presumption of legitimacy attaching to a birth occurring during wedlock, it would appear that the child, under Italian law, would be an adulterine child according to Article 252 of the Italian Civil Code of 1942.[1]

The petitioner's counsel has cited the case of *Nation* v. *Esperdy*, 239 F. Supp. 531 (S.D. N.Y., March 1965), as supporting his position. One of the most persuasive factors in the *Nation* case was the existence of a family unit. The facts in the instant case clearly do not bring it within the scope of the holding in the *Nation* case. The petition will be denied for the reason that the evidence fails to establish a stepmother-stepchild relationship between the petitioner and the beneficiary. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] Article 252 provides that adulterine children, to wit, those who are produced by an unlawful connection between two persons, who at the time the child was begotten were either of them or both married to another person, may be acknowledged at any time by the parent who was not married when the child was begotten and by the other parent only after his marriage is dissolved by the death of the other spouse. There is no documentary evidence of acknowledgment of paternity by the putative father for support.